```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROBERT R. SIOLESKI,                                           :
                Plaintiff,                                    :
                                                              :     OPINION AND ORDER
v.                                                            :
                                                              :     16 CV 1185 (VB)
SUPERINTENDENT M. CAPRA,                                      :
                Defendant.                                    :
--------------------------------------------------------------x
```

Briccetti, J.:

  Plaintiff Robert Sioleski, proceeding pro se, sues defendant Superintendent Michael Capra of the Sing Sing Correctional Facility for allegedly refusing to designate plaintiff as Native American, which has the practical effect of preventing plaintiff from attending religious events. He sues under 42 U.S.C. § 1983, claiming defendant's actions violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the free exercise clause of the First Amendment.

  Before the Court is defendant's motion to dismiss the amended complaint. (Doc. #19).

  For the reasons set forth below, the motion is converted to a motion for summary judgment and is GRANTED.

  The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### BACKGROUND

  In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint (Doc. #8) and draws all reasonable inferences in plaintiff's favor.

  Plaintiff alleges defendant refuses to recognize plaintiff is Native American due to plaintiff's failure to prove tribal affiliation. Plaintiff alleges that without recognition as a Native American, he is unable to attend religious services, festivals, and dances. Plaintiff alleges Father

1

Matthew Ugwoji approved his religious designation papers[1] and argues this is sufficient proof of tribal affiliation.

Plaintiff alleges he filed a grievance at the Sing Sing Correctional Facility, which was denied. He further alleges he appealed this denial to the Superintendent, who affirmed the denial.

## DISCUSSION

Defendant argues the Court should dismiss the amended complaint under Rule 12(b)(6) because plaintiff failed to exhaust his administrative remedies, which the Prison Litigation Reform Act ("PLRA") requires. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Failure to exhaust is an affirmative defense under the PLRA. Jones v. Bock, 549 U.S. 199, 216 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012).

If nonexhaustion is not clear from the face of the complaint, the district court should convert defendant's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. Roland v. Smith, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012). The converted motion is limited to the issue of exhaustion. Id. Rule 12(d) permits a moving party to submit evidence on such a

---

[1] Plaintiff alleges he sent to the Clerk of Court his approved designation papers and his D.N.A.

Matthew Ugwoji approved his religious designation papers[1] and argues this is sufficient proof of tribal affiliation.

Plaintiff alleges he filed a grievance at the Sing Sing Correctional Facility, which was denied. He further alleges he appealed this denial to the Superintendent, who affirmed the denial.

## DISCUSSION

Defendant argues the Court should dismiss the amended complaint under Rule 12(b)(6) because plaintiff failed to exhaust his administrative remedies, which the Prison Litigation Reform Act ("PLRA") requires. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Failure to exhaust is an affirmative defense under the PLRA. Jones v. Bock, 549 U.S. 199, 216 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012).

If nonexhaustion is not clear from the face of the complaint, the district court should convert defendant's Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment. Roland v. Smith, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012). The converted motion is limited to the issue of exhaustion. Id. Rule 12(d) permits a moving party to submit evidence on such a

---

[1] Plaintiff alleges he sent to the Clerk of Court his approved designation papers and his D.N.A.

matter and requires the Court to give all parties a reasonable opportunity to present relevant evidence.[2]

For a New York state prisoner to exhaust his claim, he must comply with New York's Inmate Grievance Program. The inmate must complete three steps: (i) submit a complaint to the clerk of the Inmate Grievance Resolution Committee, (ii) appeal the decision to the superintendent, and (iii) appeal to the Central Office Review Committee ("CORC").[3] N.Y. COMP. CODES R. & REGS. tit. 7 § 701.5.

Plaintiff's form amended complaint includes questions and answers regarding exhaustion as follows: Question: "If you did file a grievance, about the event described in this complaint, where did you file the grievance?" Answer: "Sing-Sing." Question: "What was the result, if any?" Answer: "Denied." Question: "What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process." Answer: "To superintendent. [He] still claims you have to have tribal affiliation [and] states I'm not [recognized] for my cultural religion. The superintendent is wrong!" (Am. Compl. at 4).

Defendant argues that these statements demonstrate plaintiff's failure to exhaust his administrative remedies is apparent from the face of the amended complaint.

The Court disagrees. It is true that the amended complaint form asks plaintiff to describe all efforts to appeal, and plaintiff states only that he appealed to the superintendent. However, liberally construed, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006),

---

[2] Defendant complied with Local Civil Rule 12.1, which requires "[a] represented party moving to dismiss . . . against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings . . ., shall serve and file" a required notice, which includes the full text of Rule 56. (Doc. #20).

[3] The Court omits nuances of the Inmate Grievance Program not relevant to the present motion.

3

plaintiff's statement that he appealed to the superintendent does not preclude the possibility that he also appealed to the CORC. In light of this reality, the Court cannot find that plaintiff's failure to exhaust is apparent from the amended complaint.

Nevertheless, given the parties' submissions to the Court—namely, plaintiff's amended complaint and defendant's supporting declaration (Doc. #21) and Local Rule 12.1 Statement (Doc. #20)—the Court converts defendant's motion to dismiss into a motion for summary judgment on the sole issue of whether plaintiff exhausted his administrative remedies prior to commencing suit. Fed. R. Civ. P. 12(d).

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law. . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex

Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal citations omitted).  The "mere existence of a scintilla of evidence in support" of the non-moving party's position is likewise insufficient; "there must be evidence on which the jury could reasonably find" for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).  In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Bevs., Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

Defendant submitted a declaration under penalty of perjury from Jeffery Hale, the Assistant Director of the Inmate Grievance Program at the New York State Department of Corrections and Community Supervision, in support of the motion.  (Doc. #21).  Hale states he maintains CORC's records, and that CORC's computer database contains records of all appeals CORC received since 1990.  (Doc. #21, ¶¶ 1, 2).  Hale further states he reviewed the CORC database, and that "plaintiff has not appealed to CORC any grievance regarding defendant Capra's failure to enroll plaintiff in the Native American religious community while incarcerated

at Sing Sing Correctional Facility. . . .  In fact, the CORC appeal list indicates that plaintiff has not appealed to CORC any grievances filed at Sing Sing." (Doc. #21, ¶ 4).  Hale submitted an document supporting these sworn statements.

Plaintiff's opposition to the present motion was due August 19, 2016.  See Local Civil Rule 6.1.  Plaintiff having not submitted anything by September 2, 2016, the Court sua sponte extended plaintiff's time to oppose to September 30, 2016.  (Doc. #24). Plaintiff did not submit any additional evidence to create a genuine issue of fact regarding exhaustion.[4]

Accordingly, there is no genuine issue of material fact.  Plaintiff failed to exhaust his administrative remedies, and his amended complaint must be dismissed.  See 42 U.S.C. § 1997e(a).

## CONCLUSION

Defendant's converted motion for summary judgment is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #19) and close this case.

Dated: October 31, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[4]   On October 21, 2016, the Court received a letter from plaintiff, which apparently refers to some other incident. (Doc. #27).  It does not address whether or how plaintiff satisfied the exhaustion requirement here.

6